# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No.  JFM-15-3059 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

***

## MEMORANDUM

Pending is respondent's court-ordered response to the self-represented petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.  ECF 3.  No hearing is deemed necessary for the disposition of this case.  For the reasons stated below, the petition shall be denied and a certificate of appealability shall not issue.

### Background

Petitioner Alexander Jiggetts ("Jiggetts") is currently held in the custody of the Department of Health and Mental Hygiene (DHMH) at Spring Grove Hospital pursuant to a finding of not competent to stand trial by the Circuit Court for Baltimore City in connection with charges of telephone misuse.  Jiggetts claims in his petition that he was punished by the state court for proceeding pro se at his November 13, 2013 bail review hearing and that he was denied representation by the Office of the Public Defender.  ECF 1 at p. 1.   He alleges the only reason the judge ordered a psychiatric evaluation was his self-represented status.  *Id.*

Jiggetts explains he was seen by an "evaluator" approximately one to two weeks after an evaluation was ordered.  During the evaluation, Jiggetts was asked why he did not just plead guilty to the charges against him.  He claims that when he answered that he was not guilty, the evaluator stated that Jiggetts needed to go to Spring Grove.  Jiggetts states that on October 19,

2013,[1] he was deemed incompetent to stand trial. *Id.*

Jiggetts claims that he had a conference hearing set for June of 2014, but he was never taken to court. In November of 2014, Jiggetts claims he was again found incompetent to stand trial without being seen by an evaluator. *Id.*

In June of 2015, Jiggetts claims that staff at Spring Grove determined he was competent to stand trial, but his assigned public defender, Sharon Boggins, told the judge that Jiggetts was not competent. He claims the judge agreed and sent Jiggetts back to Spring Grove. *Id.*

Jiggetts concludes from the circumstances of his criminal proceedings that he is being held in custody because he represented himself after he was denied representation by the public defender; he would not plead guilty; and he would not take a four or five year sentence for the charges as negotiated by Ms. Boggins. *Id.* He further avers that holding him in custody for these reasons violates his constitutional right to due process and his right to a speedy trial. ECF 1 at p. 2.

Jiggetts further claims that he is denied a state remedy to challenge his current confinement because the civil clerk at the Circuit Court for Baltimore City advised Jiggetts that he does not understand the law and needs to get a lawyer. He claims the court refused to set a hearing date for his petition for judicial release. *Id.*

Jiggetts states he sent a habeas corpus petition to the Circuit Court for Baltimore City challenging the merits of the criminal proceedings against him. It is Jiggetts' belief that his petition was to be sent to the District Court for Baltimore City so he filed an appeal with that court along with a $90 filing fee. Jiggetts claims that the case was improperly referred to Ms. Boggins, whom he is suing, and his filing fee was returned to his patient account. A letter from the court to Spring Grove staff explained that Jiggetts could not appeal the case and his attending

---

[1]     The dates noted are the dates provided by Jiggetts.

physician told him not to write anyone in the courts. Jiggetts avers the statement made by his doctor is a violation of his First Amendment rights and establishes that the entire state government is against him. ECF 1 at pp. 2 – 3.

Jiggetts adds that in the context of his criminal case, his Fourth Amendment rights were violated through an illegal, warrantless search and seizure. He claims that Baltimore City police tracked his cell phones without a warrant; entered his home without a warrant; and seized from his home cell phones, identification, and his birth certificate. Jiggetts claims police waited until after he was arrested and placed in Central Booking to obtain a warrant, which they relied upon to enter his house again to seize another cell phone.   Jiggetts asserts that illegally seized evidence falls within the purview of the exclusionary rule. He adds that he was charged "with telephone misuse times 4" and that constitutes double jeopardy. ECF 1 at p. 4.

### State's Response

Respondent asserts that on November 12, 2013, Jiggetts was charged with four counts of telephone misuse by the Baltimore City Police as well as charges of making a false statement to a police officer and causing a false alarm. ECF 3 at Ex. 1; *State v. Jiggetts*, Case No. 1B02245342 (Dist. Ct. for Balt. City). On November 21, 2013, the District Court for Baltimore City issued an order requiring an evaluation of Jiggetts' competency to stand trial. *Id.* at Ex. 2.

On December 19, 2013, the Baltimore City District Court found Jiggetts incompetent to stand trial and dangerous due to a mental disorder. Jiggetts was committed to the DHMH and he was placed at Spring Grove Hospital. *Id.* at Ex. 3. During Jiggetts' confinement at Spring Grove, he has been offered services designed to restore his competency to stand trial; however, he has remained incompetent to stand trial for the charges pending in Baltimore City. *Id.* at Ex. 4.

Jiggetts has filed several state court actions concerning the continued validity of his confinement. On December 23, 2013, he filed a petition for writ of habeas corpus in the Circuit Court for Carroll County, which was dismissed on January 6, 2014, because Jiggetts no longer lived in Carroll County. ECF 3 at Ex. 5; *Jiggetts v. State,* Case No. 06C13055495 (Cir. Ct. for Carroll Co.).

On October 9, 2014, Jiggetts filed a petition for judicial release and a petition for judicial review with the Circuit Court for Baltimore County, Maryland. ECF 3 at Ex. 6; *Jiggetts v. State*, Case No. 03C14010965 (Cir. Ct. for Balt. Co.). At the time the instant petition for writ of habeas corpus was filed, Jiggetts' claim in Baltimore County was still pending.

On November 18, 2014, Jiggetts filed a petition for writ of habeas corpus in the Circuit Court for Baltimore City. ECF 3 at Ex. 8; *Jiggetts v. State*, Case No. 24H14000225 (Cir. Ct. for Balt. City). The petition was dismissed on December 10, 2014, because Jiggetts did not file required pleadings. ECF 3 at Ex. 9.

On June 15, 2015, Jiggetts was evaluated by Dr. Jennifer Goldberg Schneyer, Psy.D., who found him competent to stand trial. ECF 3 at Ex. 10. Jiggetts appeared in the Circuit Court for Baltimore City to stand trial for telephone misuse and related charges, but behaved in such a manner that caused the presiding judge to again question if Jiggetts was competent to stand trial. The court returned Jiggetts to Spring Grove for another evaluation and on June 23, 2015, Dr. Schneyer reevaluated Jiggetts and determined he was not competent to stand trial. ECF 3 at Ex. 4. Part of Dr. Schneyer's evaluation included listening to a tape recording of the legal proceedings. *Id.*

On September 29, 2015, Jiggetts filed a petition for writ of habeas corpus in the Circuit Court for Baltimore City, Maryland. ECF 3 at Ex. 11; *Jiggetts v. State*, Case No. 24H15000319

(Cir. Ct. Balt. City).  That case remains pending. *Id.*

## Standard of Review

The petition involves questions of State law and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b).  The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).  Thus, before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000).  Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for writ of habeas corpus in a state circuit court located in the county where he resides or

where the facility is located. *See* Md. Health Gen. Code Ann., § 10-804, *see also* Md. Cts & Jud. Proc., Code Ann. § 3-704.   Maryland law allows a defendant to appeal an incompetency determination. *See Jolley v. State*, 384 A.2d 91, 94 (Md. 1978).   Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

### Analysis

Jiggetts's claim that he is both illegally confined and that his access to state remedies are foreclosed by virtue of improper dismissal of valid claims is belied by the record.   The procedure for deciding a criminal defendants' competency to stand trial and the treatment required after an incompetency determination are governed by Md. Crim. Proc., Code Ann. §§3-104 through 3-108.   Once a defendant's competency to stand trial becomes an issue, the state court must resolve it based "on evidence presented on the record." *Id.* at § 3-104(a). The court may order DHMH to examine the defendant and report its findings to the court. *Id.* at § 3-105(a) and (d). If the court decides a defendant is not competent due to a mental disorder and  is a danger to himself or the person or property of another, then the court may commit the defendant to the custody of DHMH for care and treatment. *Id.* at § 3-106(b). DHMH must report to the court every six months so that the court can reassess the defendant's competency each year and to  consider if competency will be restored. *Id.* at § 3-106(c).

Jiggetts was committed to the custody of DHMH the provisions of Md. Crim. Proc., Code Ann. §3-104 *et seq.*. *See* ECF 3 at Ex. 3.  The District Court for Baltimore City scheduled a status conference on June 19, 2014, and the Department provided the required six-month report. *Id.* at Ex. 12.  Another six-month report was provided to the court on November 16, 2014. *Id.* at Ex. 13.  Jiggetts was then re-evaluated on June 15, 2015. *Id.* at Ex. 10.  The procedure by which Jiggetts was committed and his commitment reviewed is a matter which must be raised by Jiggetts in state court before this court may reach the merits of those claims.

To the extent Jiggetts asserts error in the underlying criminal case against him, the merits of those claims may not be reached by this court absent extraordinary circumstances.  Under Maryland law, "[t]he determination by a trial court that an accused is incompetent to stand trial effectively precludes him from invoking the right to a speedy trial." *Jolley v. State of Maryland*, 282 Md. 353, 357 384 A.2d 91, 94 (1971), *see also* 18 U.S.C. § 3161(h)(4) (excluding from time calculated for a speedy trial, time criminal defendant is undergoing psychiatric evaluation). Jiggetts' claim that he has been denied his constitutional right to a speedy trial by virtue of his current commitment to DHMH is not only unexhausted, but appears to be without merit under current state law.

Jiggetts' claim that he is denied access to state courts, precluding his ability to avail himself of state remedies, is also without merit.  At the time the answer to Jiggetts' petition was filed he had two pending petitions for writ of habeas corpus in state court.  Absent proof that Jiggetts has been improperly denied access to state court remedies, federal habeas relief is unavailable in this instance.  The petition shall be dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Jiggetts does not satisfy this standard, therefore a certificate of appealability shall not issue.

      A separate order follows.

_March 23, 2016_
Date

_/s/ J. Frederick Motz_
J. Frederick Motz
United States District Judge

BY: _____ DEPUTY
CLERK'S OFFICE
AT BALTIMORE
2016 MAR 23 PM 3: 22
DISTRICT OF _____
U.S. DISTRICT COURT
FILED
8